UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 06-61177-CIV-MARRA/JOHNSON

RICHARD FRIEDLANDER, on behalf
of himself and all others similarly situated,

    Plaintiffs,

v.

RONALD J. WEINTRAUB, in his
official capacity as Director of Benefits
Department of the School Board of
Broward County,

    Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS

THIS CAUSE is before the Court on Defendant School Board of Broward County's Motion to Dismiss the Second Amended Complaint (DE 39), filed August 7, 2007. The motion is now fully briefed and is ripe for review. The Court heard oral argument on the motion on January 3, 2008. The Court has carefully considered the motion and is otherwise fully advised in the premises.

On July 19, 2007, Plaintiffs Richard Friedlander, Mary C. Roach, and George Tamalavich ("Plaintiffs") filed their Second Amended Complaint (DE 37) against the School Board of Broward County, Florida ("Defendant"), alleging classwide violations of the Equal Protection Clause of the Fourteenth Amendment under 42 U.S.C. § 1983. Plaintiffs, who all have been employed as temporary adult vocational instructors for Defendant, claim that they were denied equal protection of the laws based on their classification as "temporary" employees by

1

Defendant. As a result of this classification, they were denied benefits under both the Florida Retirement System ("FRS") and Social Security that were granted to other, similarly situated employees. Plaintiffs claim that Defendant has no rational basis for this "temporary" classification.

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). Until the recent Supreme Court decision in *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007), courts routinely followed the rule that, "a complaint should not be dismissed for failure to a state claim unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Marsh v. Butler County*, 268 F.3d 1014, 1022 (11th Cir. 2001). In *Twombly*, the Supreme Court moved away from the *Conley v. Gibson* standard and held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 127 S. Ct. at 1964-65 (internal citations omitted). When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

A facially neutral statute may still be applied in a discriminatory way and violate an individual's equal protection rights. *See Eide v. Sarasota County*, 908 F.2d 716 (11th Cir. 1990).

To assert an equal protection claim based on the discriminatory application of a facially neutral statute, a plaintiff must establish both that the plaintiff was treated differently than similarly situated persons and that the defendant unequally applied the facially neutral statute with the express purpose of discriminating against the plaintiff. *Strickland v. Alderman*, 74 F.3d 260, 264 (11th Cir. 1996). The Court then determines the degree of scrutiny with which to analyze the statute depending on the classification drawn by the statute. Classifications that are not "suspect" (i.e., classifications not made on the basis of race, alienage, national origin or gender) and classifications that do not burden "fundamental rights" (i.e., privacy and travel) are tested under the "rational basis" standard. *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995). "The rational-basis standard requires that classifications made by the challenged statutes or ordinances be rationally related to the achievement of some legitimate government purpose." *Id.* Statutes subject to rational basis review are "accorded a 'strong presumption of validity'" and the burden lies with the plaintiff to demonstrate that no conceivable basis exists to support the classification. *See Resendiz-Alcaraz v. U.S. Attorney General*, 383 F.3d 1262, 1271-72 (11th Cir. 2004).

After oral argument and a review of the Complaint and briefs, the Court has determined that Plaintiffs have failed to allege a cause of action under § 1983 for a violation of the equal protection clause. The parties do not dispute that the rules governing the Florida Retirement System and Defendant's rules regarding employment classifications are facially neutral and non-discriminatory.[1] The Court finds that Plaintiffs have failed to allege adequately any element required to assert an equal protection claim. At oral argument, Plaintiffs suggested that they

---

[1] Plaintiffs did not allege that the FRS rules or Defendant's policies openly discriminated against any group. Based on comments at oral argument, the Court assumes Plaintiffs challenge the discriminatory application of those rules only.

were "similarly situated" to permanent employees who also taught adult vocational classes (i.e., performed the same work) and were eligible for both FRS and Social Security benefits by virtue of their "permanent" classification.  Nevertheless, the Court finds no factual allegations in the Complaint that Plaintiffs were similarly situated to any employees who were eligible for FRS and Social Security benefits.  To state a valid claim under the equal protection clause, Plaintiffs would have to make factual allegations to show that temporary and permanent employees were, in fact, "similarly situated" for purposes of an equal protection analysis.[2]  "Different treatment of dissimilarly situated persons does not violate the Equal Protection Clause." *E & T Realty v. Strickland*, 830 F.2d 1107, 1109 (11th Cir. 1987).

  Further, Plaintiffs have not alleged the second requirement of an equal protection claim.  Plaintiffs have made no allegations that Defendant's classification of employees as "temporary" was in any way motivated by any discriminatory purpose.  Even though a plaintiff need not produce direct evidence of bad faith, "[d]iscriminatory intent may be established by evidence of such factors as substantial disparate impact, a history of discriminatory official actions, procedural and substantive departures from the norms generally followed by the decision-maker, and discriminatory statements in the legislative or administrative history of the decision." *Elston v. Talladega County Board of Education*, 997 F.2d 1394, 1406 (11th Cir. 1993).  However, since the Complaint contains no allegations of any discriminatory intent, the Complaint fails to state a

---

[2] "To be considered 'similarly situated,' comparators must be '*prima facie* identical in all relevant respects,' or 'directly comparable to [plaintiff] in all material respects.  Indeed, '[i]t is clear that similarly situated individuals must be very similar indeed." *Racine Charter One, Inc. v. Racine Unified School District*, 424 F.3d 677, 680 (7th Cir. 2005) (internal citations omitted).

claim for relief under the equal protection clause of the Fourteenth Amendment.[3]

Finally, Plaintiffs have not alleged any facts to suggest that the statute in question creates a "suspect classification" or that it burdens any "fundamental rights" as articulated by the Supreme Court.  Further, Plaintiffs have not alleged any facts to suggest that the statute is not related to any legitimate government purpose.  Plaintiffs carry the burden showing the statute and rules have no rational basis in law, and a conclusory statement that the classification as "temporary" does not have a rational basis is insufficient to withstand a motion to dismiss.  Without some demonstration in the Complaint that the rules classifying these employees as "temporary" is wholly unrelated to any conceivable legitimate purpose, the Court must presume those rules to be valid.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant School Board of Broward County's Motion to Dismiss the Second Amended Complaint (DE 39) is **GRANTED**.  As this is the first instance in which the Court has considered the merits of Plaintiffs' Complaint, the Court believes that Plaintiffs should have the opportunity to amend the Complaint to provide clearer, more concise allegations.[4]  As such, the Complaint is **DISMISSED**

---

[3]At oral argument, Plaintiffs claimed that allegations of discriminatory intent were unnecessary to support an equal protection challenge under the Supreme Court's holding in *Wards Cove Packing Company, Inc. v. Atonio*, 490 U.S. 642 (1989).   Plaintiffs misinterpret *Wards Cove*.  That case involved an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, where the Court held that an individual could bring a "disparate impact" challenge under that statute.  However, the Court has repeatedly held that liability under the equal protection clause requires more than a showing of "disparate impact" of a facially neutral statute. *See Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 264-65; *Washington v. Davis*, 426 U.S. 229, 239-48 (1976).

[4]The Court emphasizes that it makes no ruling on the merits of any arguments not addressed in this Order that Defendant presented as part of its Motion to Dismiss.

**WITHOUT PREJUDICE**.  Plaintiffs shall file an amended complaint within twenty (20) days of the date of this Order.

      **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 7th day of January, 2008.

                                                _____
                                                KENNETH A. MARRA
                                                United States District Judge

Copies furnished to:
all counsel of record